UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DONNA WHITAKER

    Plaintiff,

V.                                    CIVIL ACTION NO

ROQUEMORE HOLDINGS LLC
D/B/A ROQUEMORE & ROQUEMORE

Defendant.                      MARCH 3, 2015

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k

3. Plaintiff is a natural person who resides in Silver Springs, Maryland.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant is a Limited Liability Company with a place of business located at 329 OAKS TRAIL, SUITE 212, GARLAND, TX 75043-0000.

7. Defendant communicated with Plaintiff and others on and after February 2015, in connection with collection efforts pertaining to Plaintiff's personal automobile debt owed to USX Federal Credit Union.

8. Defendant called Plaintiff via telephone and spoke to the Plaintiff on or about February 26, 2015.

9. Defendant through a collection agent who identified himself as "Cody Fuller" failed to advise Plaintiff (consumer debtor) that it was a collection agency.

10. Defendant failed to properly identify itself to the Plaintiff.

11. Defendant failed to advise the consumer debtor any of the required notice pursuant to §1692e (11)

12. Defendant through a collection agent who identified himself as "Cody Fuller" (866) 291-3096 (Told Ms. Whitaker his call back number) However Defendant called from 214-550-1575 which is a Texas exchange about 9:50 am asking about Plaintiff's car and payment to USX Federal Credit Union.

13. Defendant through a collection agent who identified himself as "Cody Fuller" demanded to know where Plaintiff was located at, and then asked if she received a demand letter. Plaintiff advised the Defendant's collection agent, "No, I did not receive such a letter."

14. Defendant through a collection agent who identified himself as "Cody Fuller" then asked for Plaintiff's address and Plaintiff advised Defendant, that she did not have a residential mailing address and proceeded to give him her PO Box, which

she uses for all billing, mailing and personal use. Defendant's agent stated he didn't want it.

15. Defendant through a collection agent who identified himself as "Cody Fuller" started yelling at Plaintiff, in a raised voice, telling her, to not insult his intelligence. When Plaintiff would not give Defendant's collection agent a physical address he hung up on her.

16. Defendant had notice that the Plaintiff did not receive the initial collection letter. Defendant also was provided a current mailing address for the Plaintiff, but would not accept it.

17. Defendant failed to properly advise the Plaintiff of her rights pursuant to §1692g. The validation of debts clause notice, which is required to be provided within 5 days after the initial contact.

18. In the Fourth Circuit the question of whether the communication complies with the FDCPA is determined from the prospective of the "least sophisticated consumer."

Defendant has a legal obligation under the Fair Debt Collection Practices Act to not only provide the information but to provide it clearly. In this case, the least sophisticated consumer is not simply uncertain of her rights under the statute; she is completely unaware of them.

19. Defendant has inadequate procedures in place to avoid such errors.

20. In the collection efforts, the Defendant violated the FDCPA; inter alia, §1692 e and g

**WHEREFORE Plaintiff respectfully requests this Court to:**

1. Award Plaintiff statutory damages pursuant to the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq.;

2. Award the Plaintiff costs of suit and a reasonable attorney's fee;

3. Award and such other and further relief as this Court may provide

THE PLAINTIFF
BY /S/Bernard T. Kennedy
Bernard T. Kennedy, Esq.
The Kennedy Law Firm
34 Rogers Street, Suite A
Blairsville, GA 30512
Phone 706-400-2650
bernardtkennedy@yahoo.com